Brian E. Goldberg, Assistant United States Trustee  
State Bar # NY 3960952  
Jonas V. Anderson, Attorney  
State Bar # VA 78240  
jonas.v.anderson@usdoj.gov  
UNITED STATES DEPARTMENT OF JUSTICE  
Office of the United States Trustee  
300 Las Vegas Boulevard, So., Suite 4300  
Las Vegas, Nevada 89101  
Tel.: (702) 388-6600, Ext. 227  
Fax:  (702) 388-6658  

E-filed on March 4, 2015

Attorneys for the United States Trustee for Region 17  
    TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>FLAMINGO-PECOS SURGERY CENTER, LLC, DBA SURGERY CENTER OF SOUTHERN NEVADA,<br><br>        Debtor. | Case No: BK-S-14-18480-ABL<br><br>Chapter 11<br><br>Date: March 18, 2015<br>Time: 11:00 a.m.<br>Place: ABL-Courtroom 1, Foley Federal Bldg. |

**THE UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION FOR ORDER APPROVING THE EMPLOYMENT OF MARQUIS AURBACH COFFING AS SPECIAL COUNSEL TO DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

To the Honorable August B. Landis, United States Bankruptcy Judge:

    Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby files this objection (the "Objection") to the *Application for Order Approving the Employment of Marquis Aurbach Coffing as Special Counsel to Debtor Nunc Pro Tunc to the Petition Date* (the "Application") filed by Flamingo-Pecos Surgery Center, LLC (the "Applicant").[1]  [ECF No. 55].

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et. seq., unless otherwise indicated.  All references to "FRBP" are to

1

The Court should deny the relief requested in the Application for the following reasons:

- The Application does not comply with FRBP 2014(a) because it does not disclose that the Applicant's counsel, Zachariah Larson, Esq. ("Mr. Larson") and Shara L. Larson, Esq. ("Ms. Larson") were both formerly employed at Marquis Auerbach Coffing ("MAC"). The Application and the *Declaration of Chen M. Juan, Esq. in support of the Application* [ECF No. 56] incorrectly state that "neither MAC, nor any attorney thereof . . . have any present or prior connection with Debtor, its creditors, . . . [or] its *respective attorneys* and accountants." [ECF No. 55, p. 4 of 11, lns. 22-27; ECF No. 56, p. 3 of 7, lns. 19-24] (emphasis added);

- The Application does not meet the Ninth Circuit's governing legal standard to obtain a *nunc pro tunc* order approving the Applicant's employment;

- The Application does not establish the reasonableness of the terms and conditions set forth in the Application nor in the Representation Agreement it incorporates.

The Objection is based on the following memorandum of points and authorities and any argument that the Court may entertain with respect to the Objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

ARGUMENT

**A.    The Application Does Not Disclose All Connections Required by 11 U.S.C. § 327 and FED. R. BANKR. P. 2014**

1.    In order to properly discharge their judicial functions, bankruptcy courts rely on professionals' voluntary, complete, and truthful compliance with FRBP 2014 and 2016 as they seek approval for their employment. "Though [Rule 2014] allows the fox to guard the proverbial hen house, counsel who fail to disclose timely and completely their connections proceed at their own risk because failure to disclose is sufficient grounds to revoke an employment order and deny compensation." *West Delta Oil Co.*, 432 F.3d 347, 355 (5th Cir. 2005) (quoting *In re*

---

the Federal Rules of Bankruptcy Procedure. All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the United States Bankruptcy Court for the District of Nevada.

2

*Crivello*, 134 F.3d 831, 836 (7th Cir. 1998)).

2. Proper disclosure enables a court to determine whether an applicant "hold[s] or represent[s] an adverse interest to the estate" and whether the applicant is a "disinterested person." 11 U.S.C. § 327(a); *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995). "All facts that may be pertinent to the Court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed." *Id.* at 882. *See also Park-Helena*, 63 F.3d at 882 ("The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest . . .They cannot pick and choose which connections are irrelevant or trivial. . . No matter how old the connection, no matter how trivial it appears, the professional seeking employment must disclose it.").

3. The Ninth Circuit applies the disclosure requirements of FRBP 2014 and 2016 "strictly." *Park–Helena*, 63 F.3d at 880-81. "[T]he disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996). Failure to disclose is alone a sufficient basis for denying a professional's compensation and employment. *See In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987).

4. Here, the Application does not comply with FRBP 2014(a) because it does not disclose that the Applicant's counsel, Mr. Larson and Ms. Larson, were both formerly employed by MAC.[2] Instead, the Application and the D*eclaration of Chen M. Juan, Esq. in support of the*

---

[2] As disclosed in the document attached hereto as "Exhibit A," Ms. Larson has previously declared to the Court: "I am an associate with the law firm of Marquis Aurbach Coffing." (*See* "Exhibit A," p. 1 of 6, ln. 25). Similarly, as disclosed in the document attached hereto as "Exhibit B," Mr. Larson has previously declared to the Court: "I am an attorney with the law firm of Marquis Aurbach Coffing." (*See* "Exhibit B," p. 1 of 2, ln. 22).

3

*Application* [ECF No. 56] incorrectly report that "neither MAC, nor any attorney thereof . . . have any present or prior connection with Debtor, its creditors, . . . [or] its respective attorneys and accountants." [ECF No. 55, p. 4 of 11, lns. 22-27; ECF No. 56, p. 3 of 7, lns. 19-24] (emphasis added).

5.  Because the Application fails to meet the standards required by Section 327(a) and FRBP 2014(a), the Court should enter an order denying the Application.

**B.     The Application Does Not Meet the Ninth Circuit's Governing Legal Standard to Obtain a *Nunc Pro Tunc* Employment Order.**

6.  "Court approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid.  Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees." *DeRonde v. Shirley (In re Shirley)*, 134 B.R. 940, 943 (B.A.P. 9th Cir. 1992) (citation omitted).

7.  "There is no unjust hardship in requiring attorneys to observe the strict requirements of § 327 because professionals are charged with knowledge of the law." *In re Downtown Investment Club III,* 89 B.R. 59, 63-64 (9th Cir. BAP 1988).

8.  The Ninth Circuit has limited the grant of retroactive employment orders, like that sought here by the Applicant, to cases in which exceptional circumstances are demonstrated. *Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.),* 40 F.3d 1059, 1062 (9th Cir. 1994).

9.  "To establish the presence of exceptional circumstances, professionals seeking retroactive approval must satisfy two requirements: they must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the

4

bankrupt estate in a significant manner." *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 974 (9th Cir. 1995).

10. Here, the Application does not cite, let alone argue, either of these two *Atkins* factors. 69 F.3d 970, 974.

11. Accordingly, the Application fails to make the showing required for *nunc pro tunc* relief in the Ninth Circuit. On this basis alone, the Court has sufficient grounds to deny the Application and should enter an order denying it.

**C.    The Application Does Not Establish the Reasonableness of the Terms and Conditions Set Forth in the Application or in the Representation Agreement it Incorporates.**

12. The Application and the Representation Agreement it incorporates seek authorization to employ and compensate MAC pursuant to Section 327(a) and apparently not pursuant to Section 328. [ECF No. 55, p. 1 of 11, lns. 23-25].

13. In the Ninth Circuit, unless a retention application unambiguously specifies that Section 328 governs, a professional's applications for compensation are reviewed under Section 330. *See Circle K. Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K. Corp.)*, 279 F.3d 669, 674 (9th Cir. 2002) ("In this Circuit, unless a professional is unambiguously employed pursuant to § 328, its professional fees will be reviewed for reasonableness under § 330. To ensure that § 328 governs the review of a professional's fees, a professional must invoke the section explicitly in the retention application.").

14. The Application does not unambiguously specify that it seeks to employ MAC pursuant to Section 328 as well as Section 327. Accordingly, the Application should be not viewed as requesting Section 328 approval and MAC's compensation applications set forth in

5

the Application and Representation Agreement should be reviewed pursuant to Section 330.

15. Even if the Court were to find that the Application has sufficiently invoked Section 328, however, it is not sufficient to simply invoke Section 328 in the Application; the proponent of the Application must demonstrate that terms and conditions set forth in the Application are reasonable. *See In re Gillett Holdings, Inc.,* 137 B.R. 452, 455 (Bankr. D. Colo. 1991) (assigning to movant the burden of proof to provide specific evidence that proposed terms and conditions in retention application there were in the best interests of the bankruptcy estate); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.")

16. Section 330 of the Bankruptcy Code provides that "[a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a … professional person employed under section 327 … (A) reasonable compensation for actual, necessary services rendered by the … attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

17. Here, the Application, the Representation Agreement incorporated therein, and the accompanying *Declaration of Chen M. Juan* all provide proposed compensation rates for "Associates/Shareholders/Of Counsel" and "Law Clerks/Paralegals." [ECF Nos. 55 at p. 5 of 11; 56 at pp. 4 & 6 of 7]. These proposed rates appear to conflict with the provisions in the Application that provide for compensation pursuant to Sections 330 and 331. [ECF No. 55 at p. 5 of 11, ln. 13]. Because the Applicant has not expressly invoked Section 328 in seeking

approval of these compensation rates, and because the Applicant has not demonstrated their reasonableness, the Court should disallow them.

18. Moreover, even if the Applicant were to seek its compensation rates under Section 330, "Law Clerks" are not professionals and cannot be compensated as such. Administrative staff, including "Law Clerks," are properly designated as overhead, which is not compensable under Section 330. *See, e.g., In re ACT Mfg., Inc.*, 281 B.R. 468, 484-85 (Bankr. D. Mass. 2002) ("[T]ime spent by certain types of individuals should ordinarily not be included in a fee application. This includes time spent by nonpaid interns, summer associates, and staff whose salaries can ordinarily be viewed as part of a firm's overhead compensated via the rates of the firm's professionals and paraprofessionals."). For this additional reason, the Court should disallow the compensation rates proposed by the Applicant.

19. Finally, the Court should reject two additional provisions of the Representation Agreement that is incorporated into the Application: (1) the "1½%" interest increase/late fee [*see* ECF No. 56, p. 6 of 7, ¶ 4]; and (2) the "TERMINATION" provision. [*See* ECF No. 56, p. 7 of 7, ¶ 11].

20. The Application does not provide any evidence that "1½%" interest increase/late fee is reasonable. The Court should therefore disallow it. Only the Court may award fees to a professional. 11 U.S.C. § 330.

21. Similarly, the Court should disallow the provision of the Representation Agreement that provides for termination of representation and withdrawal without notice to all parties and without leave of the Court. [ECF No. 56, p. 7 of 7, ¶ 11]. At a minimum, the Court should require the Applicant to clarify this provision so that any withdrawal by MAC complies

7

with the Local Rules of Practice of the District Court, District of Nevada, which require Court approval before counsel is allowed to withdraw. See L.R. IA 10-6 (b) ("No attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel.").

WHEREFORE, for all of the foregoing reasons the Court should enter an order (1) sustaining the Objection and (2) denying the relief requested in the Application.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Jonas V. Anderson*
Jonas V. Anderson, Esq.
Attorney for the United States Trustee
United States Department of Justice

300 Las Vegas Blvd. South, Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600, Ext. 227
*jonas.v.anderson@usdoj.gov*

1
2
3
4    **<u>EXHIBIT A</u>**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Marquis Aurbach Coffing
DAVID A. COLVIN, ESQ.
Nevada Bar No. 4096
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
SHARA L. LARSON, ESQ.
Nevada Bar No. 7786
10001 Park Run Drive
Las Vegas, Nevada 89145
dcolvin@maclaw.com
zlarson@maclaw.com
slarson@maclaw.com
702) 382-0711
Proposed Attorneys for Debtor and Debtor in Possession

E-Filed: _____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>FORSMAN, INC.<br><br>Debtor. | Case No:   12-11748-lbr<br>Chapter:    11<br><br>Hearing Date: March 21, 2012<br>Hearing Time: 2:00 p.m. |

**DECLARATION OF SHARA L. LARSON, ESQ. IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF MARQUIS AURBACH COFFING AS ATTORNEYS FOR DEBTOR**

SHARA L. LARSON, ESQ., hereby declares as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration (the "Larson Declaration") in support of Debtor's Application for Order Approving the Employment of Marquis Aurbach Coffing as Attorneys for Debtor.

2. I am an attorney and counselor at law, admitted to practice in the courts of the State of Nevada and in the above-captioned Court.

3. I am an associate with the law firm of Marquis Aurbach Coffing ("MAC") and maintain an office for the practice of law at 10001 Park Run Drive, Las Vegas, Nevada 89145.

4. Neither I nor any of the partners or employees of MAC has any present connection with Forsman, Inc. ("Debtor"), a Nevada corporation, or its creditors or other parties-

in interest other than as follows:

    a. On or about December, 2001 through the present, MAC has represented the Debtor in various transactional and state court litigation matters.

    b. MAC has also represented Debtor's president, John E. Forsman, individually and in his capacity as president of the Debtor in various transactional and state court litigation matters.

    c. Prior to commencing representation of Debtor, pre-petition, MAC discussed with Debtor its primary creditors and reviewed the initial creditor and equity security lists to determine any prior or present representation of creditors or parties-in-interest. From such initial review, MAC has identified certain present or previous representations of creditors or parties-in-interest in unrelated matters and has disclosed to Debtor that MAC does not believe it has any conflict in regards to any previous or representations of creditors or parties in interest.

    d. Prior to filing the above-captioned matter, no non-debtor related entity (insider or otherwise) was a known creditor of MAC; and any representation of non-debtor related entity (insider or otherwise) is currently known to be represented by MAC.

5.    MAC is not a creditor, an equity security holder, or an insider of Forsman, Inc. MAC is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of Forsman, Inc. Furthermore, MAC does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Forsman, Inc., or for any other reason.

6.    To the best of my knowledge, MAC and its shareholders and associates do not hold or represent any interest adverse to the Debtor's bankruptcy estate and MAC and its shareholders and associates are disinterested within the meaning of Section 101(14) of the Bankruptcy Code. Additionally, MAC does not have any connection with the U.S. Trustee of any person employed by the U.S. Trustee. MAC's representation of Debtor will not be adverse to Debtor's estate.

M&A:12664-001 1557388_1.DOC 2/17/2012 1:41 PM

7. Pursuant to MAC's legal representation of Debtor and as set forth in the Schedules and Statements in Debtor's Petition, pre-petition MAC received $50,000.00 from the Debtor, as an initial retainer ("Initial Retainer") for this bankruptcy case. Of that Initial Retainer $13,954.00 has been applied pre-petition towards any and all pre-petition tasks performed for the completion of the Chapter 11 schedules and statements. $1,046.00 has been applied to filing fees associated with the filing. Therefore, after the fees and costs were deducted from the Initial Retainer, a balance of $35,000.00 remains in the Retainer Account.

8. MAC has entered into an Attorney Fee Agreement ("Retainer Agreement") with the Debtor. A true and correct copy of the Retainer Agreement is attached hereto as **Exhibit 1**.

9. As set forth in the Retainer Agreement, the compensation of MAC's attorneys and staff are proposed at varying rates currently ranging from $70.00 per hour to $450.00 per hour.

10. MAC may seek interim compensation during this case subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

11. Neither the Firm nor I, insofar as I have been able to ascertain, and other than disclosed herein: (a) hold or represent any interest adverse to the Debtor, its estate; or any class of its creditors; or (b) represent any other entity in connection with this case having an interest adverse to the Debtor.

12. Based on the foregoing, I believe MAC and its members and associates thereof are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States (28 U.S.C. §1746) that the foregoing is true and correct.

Dated this 16th day of February, 2012.

_____
SHARA L. LARSON, ESQ.

Page 3 of 3

M&A:12664-001 1557388_1.DOC 2/16/2012 3:44 PM

# **EXHIBIT D**

Marquis Aurbach Coffing
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
SHARA L. LARSON, ESQ.
Nevada Bar No. 7786
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
zlarson@maclaw.com
slarson@maclaw.com
   Attorneys for Debtor and Debtor in Possession,
   600 N. Airport Road, LLC

E-Filed: _9/14/12_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| In re:<br><br>600 N. AIRPORT ROAD, LLC<br><br><br>Debtor. | Case No.: BK-S-12-14766-lbr<br><br>Chapter 11<br><br>Date: OST requested for September 26, 2012<br>Time: 1:30 p.m. |
|---|---|

### DECLARATION OF ZACHARIAH LARSON, ESQ. IN SUPPORT OF ORDER SHORTENING TIME RE: DEBTOR'S MOTION TO SELL REAL PROPERTY, FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES, HIRE REALTOR AND PAY COMMISSIONS

Zachariah Larson, Esq., declares and states as follows:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am an attorney with the law firm of Marquis Aurbach Coffing, counsel for Debtor and Debtor-in-possession, 600 N. Airport Road, LLC and duly licensed to practice law in the State of Nevada.

3. I make this Declaration in support of the Application for Order Shortening Time in order to set a hearing on an Order Shortening Time Re: Debtor's Motion to Sell Real Property, Free and Clear of all Liens and Encumbrances, Hire Realtor and Pay Commissions ("Motion").

4. A hearing on Debtor's Application to Employ Internet Auctioneer, bkassets.com,

Page 1 of 2

M&A:12714-001 1785568_1 9/14/2012 3:53 PM

Pay Commission to Auctioneer in addition to Motion to Sell Real Property at Internet Auction is currently scheduled for September 26, 2012 at 1:30 p.m. [Court Docket 26].

5. A hearing on Creditor, FH Partners, LLC's Motion for Relief from Stay or in the Alternative Motion to Dismiss is currently scheduled for September 26, 2012 at 1:30 p.m. [Court Docket 40].

6. The Debtor respectfully requests that said Motion be heard on an Order Shortening Time and at the same time as the hearings already on calendar in this case as there is inadequate time to hear this Motion in the ordinary course.

7. Time is of the essence as there are related hearings currently scheduled for September 26, 2012 at 1:30 p.m.

8. The sale is scheduled to close on or before September 28, 2012.

9. The Debtor is informed and believes that the buyer will withdraw their offer to purchase if this motion is not approved and/or closing achieved prior to September 28, 2012. The Debtor therefore requests that the Motion be heard on September 26, 2012 to allow for the closing to take place no later than Friday, September 28.

10. Notice can be shortened pursuant to Bankruptcy Rule 9006(c)(1) and LR 9006(a).

11. Based upon the foregoing, the Debtor requests that the Court issue an order shortening time to hear the Motion.

12. For the reasons more particularly set forth in the Motion, the Debtor respectfully requests that said Motion be heard on an Order Shortening Time, as it feels good cause exists to shorten time for notice of hearing on the instant Application.

Pursuant to 28 U.S.C.A. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED, this 14th day of September, 2012.

/s/ Zachariah Larson
Zachariah Larson, Esq.
Attorney(s) for Debtor