Laura Portillo (NV Bar No. 7139)
**BRINKMAN PORTILLO RONK, APC**
8275 S. Eastern Ave. Suite #200
Las Vegas, NV 89123-2545
Tel: 702.598.1776 | Fax: 800.381.2192
laura@brinkmanlaw.com

Daren R. Brinkman (CA Bar No. 158698)
Laura Portillo (CA Bar No.186813)
Kevin Ronk (CA Bar No. 241598)
**BRINKMAN PORTILLO RONK, APC**
4333 Park Terrace Drive, Ste. 205
Westlake Village, CA 91361
Tel: 818.597.2992 | Fax: 818.597.2998
firm@brinkmanlaw.com

*Proposed Counsel for Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-14-18480-ABL |
| | Chapter 11 |
| FLAMINGO-PECOS SURGERY CENTER, LLC DBA SURGERY CENTER OF SOUTHERN NEVADA, | Date: April 8, 2015<br>Time: 11:00 a.m.<br>Courtroom 1 |
| Debtor(s). | |

**APPLICATION FOR AN ORDER APPROVING BRINKMAN PORTILLO RONK, APC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, <u>EFFECTIVE AS OF FEBRUARY 20, 2015</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the Chapter 11 bankruptcy case of Flamingo-Pecos Surgery Center, LLC, debtor and debtor in possession ("<u>Debtor</u>"), hereby submits this application to employ Brinkman Portillo Ronk, APC ("<u>BPR</u>") as counsel to the Committee, effective as of February 20, 2015 (the "<u>Application</u>"). This Application is brought pursuant to 11 U.S.C. §§ 1102, 1103, 328 and 504 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure. In support of this Application, the

Committee respectfully submits as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein are sections 1102, 1103, 328 and 504 of the Title 11 of the United States Code.

## BACKGROUND

4. On December 31, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. The Debtor continues to operate its business and manage its property as debtor and debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108.

6. On February 12, 2015, the Office of the United States Trustee (the "Trustee") appointed the Committee.

7. The Committee selected BPR as its counsel.

## RELIEF REQUESTED

8. By this Application, the Committee seeks entry of an order authorizing and approving the retention and employment of BPR as its counsel to perform services relating to the Debtor's bankruptcy case, effective as of February 20, 2015.

9. Section 328(a) of the Bankruptcy Code empowers a committee appointed under 11 U.S.C. § 1102, with the Court's approval, to employ attorneys under 11 U.S.C. § 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

10. Pursuant to 11 U.S.C. § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in

connection with the case. Pursuant to the *Verified Statement of Laura J. Portillo Pursuant to Rule 2014 and 2016 and 11 U.S.C. § 327* (the "Verified Statement") submitted with this Application, BPR has advised the Committee that BPR does not hold or represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case and, except as set forth in the Verified Statement, does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, United States Trustee, any person employed by the Office of the United States Trustee or the Bankruptcy Judge to whom this case is assigned.

11. Laura Portillo, a partner at BPR, is an attorney admitted to practice before this Court.

12. The Committee has selected BPR for the reason that it has considerable experience in bankruptcy matters and it believes that BPR is qualified to represent it in this case.

13. The professional services that BPR will provide to the Committee include, but are not limited to, the following:

(a) providing legal advice as necessary with respect to the Committee's powers and duties as an official committee appointed under 11 U.S.C. § 1102;

(b) assisting the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, potential claims, and any other matters relevant to the case, to the sale of assets or to the formulation of a plan of reorganization (a "Plan");

(c) participating in the formulation of a Plan;

(d) providing legal advice as necessary with respect to any disclosure statement and Plan filed in this case and with respect to the process for approving or disapproving disclosure statements and confirming or denying confirmation of a Plan;

(e) preparing on behalf of the Committee, as necessary, applications, motions, complaints, answers, orders, agreements and other legal papers;

(f) appearing in Court to present necessary motions, applications, andpleadings, and otherwise protecting the interests of those represented bythe Committee;

(g) assisting the Committee in requesting the appointment of a trustee orexaminer, should such action be necessary; and

    (h)    performing such other legal services as may be required and that are in best interests of the Committee and creditors.

14. Subject to the Court's approval and pursuant to 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures which this Court may fix, the Committee requests that BPR be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that BPR incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

15. BPR's hourly rates are as follows:

| Professional | Hourly Rate |
| --- | --- |
| Daren Brinkman, Attorney | $575.00 |
| Laura Portillo, Attorney | $495.00 |
| Kevin Ronk, Attorney | $390.00 |
| Miguel Saldana, Associate | $290.00 |
| Paralegals and Law Clerks | $100.00 - $180.00 |

16. The rates set forth herein are based upon actual time spent on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Additionally, BPR's rates are subject to periodic adjustment to reflect economic, experience, and other similar factors. BPR will make periodic applications for interim compensation and, if at the completion of the case the results merit it, BPR may make application to the Court for the allowance of a premium above their designated hourly rates.

17. It is BPR's policy to charge its clients for all additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and other expenses. BPR will charge the Committee for these expenses in a manner and at rates consistent with applicable US Trustee guidelines.

18. The Committee understands that any compensation and expenses paid to BPR must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any orders of this Court respecting compensation of

4

Application For an Order to Employ Brinkman Portillo Ronk, APC as Counsel to the Official Committee of Unsecured Creditors, Effective as of February 20, 2015

professionals.

19. There are no amounts due BPR from Debtor on account of any pre-petition services rendered.

20. BPR has advised the Committee that is has not agreed to share (a) any compensation it may receive with another party or person, other than with the partners and associates of BPR, or (b) any compensation another person has received or may receive.

21. To the best of the Committee's knowledge and subject to the Verified Statement, BPR represents no other entity in connection with this case, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and does not hold or represent any interests adverse to the Debtor or its bankruptcy estate or the Committee or the interests represented by the Committee.

*Wherefore*, the Committee respectfully requests the Court enter an order authorizing and approving the retention andemployment of BPR as counsel to the Committee, effective as of February 20, 2015, and granting such other relief as the Court deems proper.

DATED: March 4, 2015

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By: _____
Zina Kacha, Chair of the Official
Committee of Unsecured Creditors

# EXHIBIT A

Laura Portillo (NV Bar No. 7139)
**BRINKMAN PORTILLO RONK, APC**
8275 S. Eastern Ave. Suite #200
Las Vegas, NV 89123-2545
Tel: 702.598.1776 | Fax: 800.381.2192
laura@brinkmanlaw.com

Daren R. Brinkman (CA Bar No. 158698)
Laura Portillo (CA Bar No.186813)
Kevin Ronk (CA Bar No. 241598)
**BRINKMAN PORTILLO RONK, APC**
4333 Park Terrace Drive, Ste. 205
Westlake Village, CA 91361
Tel: 818.597.2992 | Fax: 818.597.2998
firm@brinkmanlaw.com

*Counsel for Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-14-18480-ABL |
| | Chapter 11 |
| FLAMINGO-PECOS SURGERY CENTER, LLC DBA SURGERY CENTER OF SOUTHERN NEVADA, | Date: April 8, 2015 |
| | Time: 11:00 a.m. |
| Debtor(s). | Courtroom 1 |

**ORDER GRANTING APPLICATION FOR AN ORDER APPROVING BRINKMAN PORTILLO RONK, APC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 20, 2015**

1

Upon the application ("Application") of the Official Committee of Unsecured Creditors (the "Committee") of Flamingo-Pecos Surgery Center LLC ("Debtor"), the above-captioned debtor, seeking authorization to employ and retain Brinkman Portillo Ronk, APC ("BPR") as counsel for the Committee [ECF No.___]; and upon the Verified Statement of Laura J. Portillo Pursuant to Rule 2014 and 2016 and 11 U.S.C.§ 327 [ECF No.___] ("Verified Statement"), which was submitted concurrently with the Application; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing on the Application was sufficient under the circumstances and no further notice need be given; (c) the Court being satisfied, based on the representations made in the Application and the Verified Statement, that BPR represents or holds no interest adverse to the Debtor or the Debtor's estate with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code; the Court having determined that the legal and factual bases set forth in the Application and the Verified Statement establish just cause for the relief granted herein, and it appearing that the employment of BPR is necessary and in the best interests of the Debtor's estate, its creditors and other parties in interest; it is hereby

ORDERED that:

1. The Application shall be, and hereby is, GRANTED.

2. The Committee is hereby authorized to retain and employ BPR as counsel to the Committee pursuant to section 1103(a) of the Bankruptcy Code and Rule 2014, effective as of February 20, 2015.

3. BPR shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable procedures and orders of this Court.

4. BPR is authorized to render professional services to the Committee as described in the Application.

5. The Committee and BPR are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Prepared and Submitted:

By:_____
Laura Portillo (NV Bar No. 7139)
**BRINKMAN PORTILLO RONK, APC**
8275 S. Eastern Ave. Suite #200
Las Vegas, NV 89123-2545
Tel: 702.598.1776 | Fax: 800.381.2192
laura@brinkmanlaw.com

*Counsel for Official Committee of Unsecured Creditors*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

4